IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| VESTA ROMAINE WEST, | * |
| Plaintiff, | * |
| v. | * Civil Action No. RDB-16-879 |
| SOUTHERN MANAGEMENT CORP., et al., | * |
| Defendants. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiff Vesta Romaine West ("plaintiff" or "West") has filed a *pro se* Complaint alleging that defendant Southern Management Corp. ("SMC") and its agents David Hillman, Judson Kerr, and Carrie Doe (collectively, "defendants") unlawfully discriminated and conspired against her by refusing to receive her application to lease an apartment at a property managed by defendants.[1]  (ECF No. 1.)

Two motions are now pending before this Court: (1) plaintiff's Motion for Summary Judgment ("Plaintiff's Motion") (ECF No. 12); and (2) defendants' Motion to Dismiss ("Defendants' Motion") (ECF No. 15).  The parties' submissions have been reviewed, and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2016).  For the reasons stated below,

---

[1] The Court notes that plaintiff filed a similar action against defendants in August 2005.  *See West v. Southern Mgmt. Corp., et al.*, RDB-05-2247.  The parties stipulated to dismissal of that case on January 11, 2006 (ECF No. 24), and the case was closed on January 13, 2006.

Nearly ten years later, beginning in April 2015, plaintiff began filing a series of papers in the closed RDB-05-2247 case.  *See* ECF Nos. 26, 28, and 29.  None of the motions had the effect of re-opening or in any way modifying the prior case.

Plaintiff filed her Complaint in the instant case, RDB-16-879, on March 23, 2016.  (ECF No. 1.)

Plaintiff's Motion is DENIED, Defendants' Motion is GRANTED, and this case is DISMISSED.

## BACKGROUND

In February of 2016, plaintiff contacted SMC to inquire about leasing an apartment at SMC's "39 West Lexington" property in Baltimore, Maryland.  (ECF No. 1 at 2.)  SMC initially notified plaintiff that because she previously vacated her lease at 39 West Lexington with a balance owed to SMC, she would not be able to return as a tenant.  (*Id.*)  SMC later confirmed this message in a letter dated February 26, 2016.  (ECF No. 1-2 at 3.)  In its letter, SMC explained that because "on each of the three prior occasions you lived in a [SMC] apartment, you vacated the leased premises leaving a debt due and owing, which [SMC] had to pursue in collections," SMC "is not willing to receive your application to become a leaseholder at any of its apartment communities."  (*Id.*)

Less than one month after receiving SMC's letter, plaintiff filed her Complaint in this Court.  (ECF No. 1.)  In her Complaint, plaintiff alleges that SMC unlawfully discriminated against her based on her "known mental illness."  (*Id.* at 2.)  Plaintiff does not identify her "known mental illness" anywhere in her Complaint.  In addition, plaintiff alleges that defendants "have entered into a civil conspiracy" against her by altering their leasing policies so as to prevent plaintiff from obtaining a fourth leasehold from SMC.  (*Id.*)

## STANDARDS OF REVIEW

### I.    Motion for Summary Judgment Pursuant to Rule 56

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant

summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one that "might affect the outcome of the suit under the governing law." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, summary judgment is proper "only when no 'reasonable jury could return a verdict for the nonmoving party.'" *Monon Corp. v. Stoughton Trailers, Inc.*, 239 F.3d 1253, 1257 (Fed. Cir. 2001) (quoting *Anderson*, 477 U.S. at 255)). When considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Anderson*, 477 U.S. at 249.

In undertaking this inquiry, this Court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Libertarian Party of Va.*, 718 F.3d at 312; *see also Scott v. Harris*, 550 U.S. 372, 378 (2007). However, this Court must also abide by its affirmative obligation to prevent factually unsupported claims and defenses from going to trial. *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993). If the evidence presented by the nonmoving party is merely colorable, or is not significantly probative, summary judgment must be granted. *Anderson*, 477 U.S. at 249-50. On the other hand, a party opposing summary judgment must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see also In re Apex Express Corp.*, 190 F.3d 624, 633 (4th Cir. 1999). As this Court has previously explained, a "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala*, 166 F. Supp. 2d

373, 375 (D. Md. 2001) (citations omitted).

## II.     Motion to Dismiss Pursuant to Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006); *see also Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016).  The sufficiency of a complaint is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face."  *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009).  Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013).

In reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'"  *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015).  While a court must accept as true all the factual allegations

contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Iqbal*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim); *see A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011).

Under limited exceptions, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015). A court may properly consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits . . . ." *Goines*, 822 F.3d at 166 (citations omitted); *see U.S. ex rel. Oberg*, 745 F.3d at 136 (quoting *Philips v. Pitt Cty Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)).

A court may also "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Goines*, 822 F.3d at 166 (citations omitted). To be "integral," a document must be one "that by its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis in original).

A *pro se* litigant's complaint should not be dismissed unless it appears beyond doubt that the litigant can prove no set of facts in support of his claim that would entitle him to relief. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, a plaintiff's status as *pro se* does not absolve him of the duty to plead adequately. *See Stone v. Warfield*, 184 F.R.D.

5

553, 555 (D. Md. 1999) (citing *Anderson v. Univ. of Md. Sch. Of Law*, 130 F.R.D. 616, 617 (D. Md. 1989), *aff'd*, 900 F.2d 249, 1990 WL 41120 (4th Cir. 1990)).

<u>ANALYSIS</u>

### I.      Plaintiff's Motion for Summary Judgment

Plaintiff's Motion for Summary Judgment is without merit.  The <u>only</u> evidence which plaintiff identifies in support of her Motion is a letter sent to her on February 26, 2016 by Gregory J. Kennedy, Esq., Corporate Counsel for SMC.  (ECF No. 1-2 at 3.)  In this letter, Mr. Kennedy succinctly recounts plaintiff's history as a leaseholder from SMC, stating that: "on each of the three prior occasions you lived in a [SMC] apartment, you vacated the leased premises leaving a debt due and owing, which [SMC] had to pursue in collections."  (*Id.*) Based on this history, the letter concludes, SMC "is not willing to receive your application to become a leaseholder at any of its apartment communities."  (*Id.*)

Nothing in SMC's February 26, 2016 letter even remotely suggests that SMC's decision not to receive plaintiff's lease application was based on discrimination for her alleged mental disability.   Nor does the letter reflect any type of conspiracy on the part of SMC or its agents.  Rather, SMC's letter sets forth a legitimate, non-discriminatory reason for its refusal to receive plaintiff's lease application.   Accordingly, Plaintiff's Motion for summary judgment is without merit and must be DENIED.

### II.      Defendants' Motion to Dismiss

#### A.  Housing Discrimination

Liberally construing the *pro se* plaintiff's complaint and noting the nature of the relationship between the parties, it appears that plaintiff seeks to state a claim for violation of

the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq.* Specifically, plaintiff's Complaint seems to allege that defendants violated 42 U.S.C. § 3604(f)(2)(A), which makes it unlawful "to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of…that person." Plaintiff thus alleges that defendants discriminated against her by denying her the privilege of renting an apartment at SMC's property on account of her "known mental illness." (ECF No. 1 at 2.)

Defendants argue that plaintiff's Complaint must be dismissed because "she fails to provide any details whatsoever regarding her disability, other than reference to her 'mental illness.'" (ECF No. 16 at 5.) Defendants further argue that plaintiff fails to allege any facts "which could even reasonably be construed to suggest that defendants discriminated against plaintiff on the basis of a disability." (*Id.*) Finally, defendants note that the Complaint does not identify any reasonable accommodation sought by plaintiff—or which defendants denied to her. (*Id.* at 5-6.)

As this Court explained in *Nichols v. Carriage House Condominiums at Perry Hall Farms, Inc.*, No. CIV.A. RDB-14-3611, 2015 WL 4393995, at *4 (D. Md. July 15, 2015), "the FHA prohibits discrimination against 'any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of . . . that person[.]'" 42 U.S.C. § 3604(f)(2)(A). This discrimination includes: (1) "a refusal to permit, at the expense of the handicapped person, reasonable modifications of existing premises occupied . . . by such person if such modifications may be necessary to afford such person full enjoyment of the premises[;]" and

7

(2) "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling[.]" 42 U.S.C. § 3604(f)(3)(A)-(B).  To state a claim under 42 U.S.C. § 3604(f), a plaintiff "must show that [she] is handicapped and that [she] was either discriminated against because of [her] handicap or denied a reasonable accommodation necessary to allow [her] the same use and enjoyment of [her] dwelling as other non-handicapped persons."  *Roberson v. Graziano*, 2010 WL 2106466, at *2 (D. Md. May 21, 2010), *aff'd,* 411 F. App'x 583 (4th Cir. 2011).

In this case, plaintiff has failed to plead sufficient facts to state a plausible claim under § 3604(f).  First, plaintiff neither identifies nor or in any way describes the effects of her "known mental illness" so as to place her within the protected class under the FHA.  *See* ECF No. 1 at 2.  Second, plaintiff alleges no facts which plausibly suggest that defendants' decision not to receive her lease application was based on her alleged disability.  To the contrary, the SMC letter which plaintiff attaches to her Complaint indicates that the decision to refuse her application was based on her rental history with SMC—specifically, the fact that <u>plaintiff breached each of her three prior leases with SMC</u>.  (ECF No. 1-2 at 3.)  Finally, even if plaintiff had explained the nature of her disability, she fails to identify any reasonable accommodation which she requested or which SMC denied.  In sum, plaintiff fails to state a plausible claim for housing discrimination under the FHA, and Defendants' Motion must be GRANTED as to this count of plaintiff's Complaint.

### B. Civil Conspiracy

Plaintiff also asserts that "defendants have entered into a civil conspiracy against [her]." (ECF No. 1 at 2.) Specifically, plaintiff alleges that, "the defendants alter their [leasing] policies to deny [her]; making new rules with each application (namely leaving with a balance, and receiving a notice)." (ECF No. 1 at 2.)

Defendants argue that plaintiff's civil conspiracy count must fail (1) on the basis of the intracorporate immunity doctrine and (2) on the insufficiency of the Complaint. (ECF No. 16 at 6-7.)

Defendants are correct that the intracorporate immunity doctrine bars plaintiff's civil conspiracy claim. Under this doctrine, the "acts of corporate agents are acts of the corporation itself, and corporate employees cannot conspire with each other or with the corporation." *ePlus Tech., Inc. v. Aboud*, 313 F.3d 166, 179 (4th Cir. 2002). As the three individual defendants are employees (thus, agents) of co-defendant SMC, the doctrine applies and the civil conspiracy count must fail.

Even if the civil conspiracy count were not barred by the intracorporate immunity doctrine, plaintiff fails to state a plausible factual basis for this claim. Under Maryland law, a civil conspiracy requires "a combination of two or more persons by an agreement or understanding to accomplish an unlawful act or to use unlawful means to accomplish an act not in itself illegal, with the further requirement that the act or the means employed must result in damages to the plaintiff." *Hoffman v. Stamper*, 385 Md. 1, 24, 867 A.2d 276, 290 (2005). Here, plaintiff fails to allege any facts indicating which defendants conspired to act unlawfully or what unlawful act they committed or the unlawful means they employed.

Plaintiff's "unadorned, the-defendant-unlawfully-harmed-me accusation" is insufficient. *Iqbal*, 556 U.S. at 678. Accordingly, Defendants' Motion is GRANTED as to plaintiff's civil conspiracy claim.[2]

<u>CONCLUSION</u>

For the reasons stated above, Plaintiff's Motion (ECF No. 12) is DENIED, Defendants' Motion (ECF No. 15) is GRANTED, and this case is DISMISSED. This case shall be CLOSED.

A separate Order follows.

Date:  December 19, 2016          _____/s/_____
                                                        Richard D. Bennett
                                                        United States District Judge

---

[2] Plaintiff's Complaint also makes reference to 42 U.S.C. §§ 1983 and 1985. (ECF No. 1 at 1.) As none of the named defendants are state actors and no allegations in the Complaint refer to any action taken under color of state or federal law, these allegations must be DISMISSED.

  Similarly, plaintiff's reference to 18 U.S.C. § 241—a federal criminal statute—fails to state a claim on which relief in this civil case can be granted and must be DISMISSED.